UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Mr. Willie Claudius Watt,

Plaintiff,

vs.                                    REPORT AND RECOMMENDATION

Federal Judge Richard H. Kyle,
Federal Judge Janie S. Mayeron,
Federal Judge David S. Doty,
Federal Judge Jeanne J. Graham,
Federal Judge Paul A. Magnuson,
Federal Judge Janie S. Mayeron,
Federal Judge Arthur J. Boylan, and
United States Federal Government,

Defendants.                    Civ. No. 07-2227 (PJS/RLE)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

I.  Introduction

This matter came before the undersigned United States Magistrate Judge

pursuant to a general assignment, made in accordance with the provisions of Title 28

U.S.C. §636(b)(1)(B), upon the Plaintiff's Application for leave to proceed in forma

pauperis ("IFP").  See Docket No. 2.  The Plaintiff appears pro se and, in view of the

fact that his Complaint has yet to be served, no appearance has been made by, or on

behalf of, the Defendants.   For reasons which follow, we recommend that the Plaintiff's IFP application be denied, and that the action be dismissed summarily.[1]

## II.  Factual and Procedural Background

The Plaintiff's Complaint is a rambling, though fairly brief, collage of sentence fragments, which are nearly inscrutable.   It is plain, however, that one of the Defendants listed in the caption of the Complaint is identified as "United States Federal Government," while the rest of the named Defendants are District Court Judges, or Magistrate Judges, within this District, who have been assigned to, and have ruled upon, certain of the prior causes of action that the Plaintiff has commenced.   As best as we can discern, the Plaintiff is attempting to sue the Judicial Defendants

---

[1]Upon initial review, we considered the propriety of recusing ourself in view of the claims against the Judicial Defendants, but concluded that no conflict of interest presented itself which required a recusal.  See, United States v. Watson, 1 F.3d 733, 735 (8th Cir. 1993)(affirming the refusal of the Trial Court to recuse itself, even where the Trial Court was being sued, in State Court, by a party in the case before the Court); In re Erickson, 107 B.R. 222, 224 (Bkrtcy. D. Minn. 1989)("The appearance of a conflict of interest is not created by the assertion of a frivolous claim against a judge."), citing Maier v. Orr, 758 F.2d 1578 (Fed. Cir. 1985), and Ely Valley Mines, Inc. v. Lee, 385 F.2d 188 (9th Cir. 1967); van Leeuwen v. United States, 868 F.2d 300, 301 (8th Cir. 1989), cert. denied, 493 U.S. 838 (1989)(affirming Trial Court's summary dismissal of frivolous claim against Federal Judges).  Since we find that the Plaintiff's claims against the Judicial Defendants, and the United States, are frivolous, and fail to state a claim as a matter of law, no conflict of interest presents itself.

because he believes that they wrongly ruled upon his claims.   Although the Plaintiff does not specify why he is suing "the United States Federal Government," we presume he intends to hold the United States vicariously liable for the judicial acts of the other Defendants.   The Plaintiff is seeking a Judgment against the named Defendants in the total sum of $2,400,000.00.

## III. Discussion

A.      Standard of Review.   Pursuant to Congressional directive, as well as the preexisting law of this Circuit, actions which have been provisionally commenced in conjunction with an Application to proceed IFP are to be immediately reviewed -- prior to the service of process, and before a decision on whether to grant IFP standing -- for possible dismissal for frivolousness, pursuant to Title 28 U.S.C. §1915(e) (2)(B).  See, Hiestand v. United States, 114 Fed.Appx. 767, 768 (8th Cir. 2004); Pointer v. Parents for Fair Share, 87 Fed.Appx. 12, 12 (8th Cir. 2004); Wilson v. Johnston, 68 Fed.Appx. 761, 761 (8th Cir. 2003); Carney v. Houston, 33 F.3d 893, 895 (8th Cir. 1994), citing Gentile v. Missouri Dept. of Corrections, 986 F.2d 214 (8th Cir. 1993); Ross v. Social Security Admin., 949 F.2d 1021, 1022 (8th Cir. 1991); cf.,

Cooper v. Wood, 111 F.3d 135, 1997 WL 177458 at *1 (8th Cir., April 15, 1997)[unpublished decision].[2]

When it first extended the right to proceed IFP, Congress "intended to guarantee that no citizen sh[ould] be denied an opportunity to commence, prosecute, or defend an action, civil or criminal, in any court of the United States, solely because * * * poverty makes it impossible * * * to pay or secure the costs of litigation." Denton v. Hernandez, 504 U.S. 25, 31 (1992)[internal quotations and citations omitted]. At the same time, "Congress recognized that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic

---

[2]Section 1915(e)(2) was enacted as part of the Prison Litigation Reform Act of 1995, Pub.L. No. 104-134, 110 Stat. 1321 (1996)("the PLRA"). It replaces Section 1915(d), which authorized the dismissal of an IFP Complaint only if it was found to be "frivolous." See, Neitzke v. Williams, 490 U.S. 317, 325 (1989) (holding that a Complaint is "frivolous," and therefore, subject to dismissal under Section 1915(d) "where it lacks an arguable basis either in law or in fact"). Section 1915(e)(2), which is applicable to all cases filed after April 26, 1996 -- that is, the effective date of the PLRA -- authorizes the dismissal of IFP cases not only where the Complaint is "frivolous," see, Title 28 U.S.C. §1915(e)(2)(B)(i), but also where it "fails to state a claim on which relief may be granted," see, Title 28 U.S.C. §1915(e)(2)(B)(ii), and where the claimant "seeks monetary relief against a defendant who is immune from such relief." See, Title 28 U.S.C. §1915(e)(2)(B)(iii); see also, Footnote 3, infra.

Here, as we detail in the text of this Report, we find that the Plaintiff's Complaint fails on all three bases enumerated in Title 18 U.S.C. §1915(e)(2)(B).

incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." Id. [internal quotations and citations omitted].  Therefore, Congress has instructed us to dismiss, even on the Court's own Motion, any IFP application whose underlying Complaint is frivolous, fails to state a cause of action as a matter of law, or seeks monetary relief from a party who holds immunity from such relief.[3]

Taking the most exacting standard for further analysis -- that is, the standard that is most favorable to the Plaintiff[4] -- a Complaint is frivolous "where it lacks an

---

[3]Section 1915(e)(2) now states:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> (A) the allegation of poverty is untrue; or
>
> (B) the action or appeal-
>
>> (i) is frivolous or malicious;
>>
>> (ii) fails to state a claim on which relief may be granted; or
>>
>> (iii) seeks monetary relief against a defendant who is immune from such relief.

[4]By definition, a frivolous Complaint fails to state any legally viable claim in the extreme, while a claim that simply fails to allege an actionable cause of action need not,

(continued...)

arguable basis either in law or fact." Williams v. Hopkins, 130 F.3d 333, 335 (8th Cir. 1997), cert. denied, 522 U.S. 1010 (1997), citing and quoting Cokeley v. Endell, 27 F.3d 331, 332 (8th Cir. 1994), citing, in turn, Neitzke v. Williams, 490 U.S. 319, 325 (1989); see also, Martinez v. Turner, 977 F.2d 421, 423 (8th Cir. 1992), cert. denied, 507 U.S. 1009 (1993); Owens-El v. United States, 2 Fed. App. 652, 2001 WL 173655 at *1 (8th Cir., February 23, 2001).  Expressed somewhat more fully, "section 1915 dismissals should be made only where it is determined the lawsuit is baseless and that the plaintiff cannot make any rational argument in law or fact entitling him to relief." Williams v. White, 897 F.2d 942, 944 (8th Cir. 1990); see also, Moore v. Jackson, 123 F.3d 1082, 1085 n. 2 (8th Cir. 1997).  In this reviewing process, pro se Complaints must be liberally construed, and a dismissal is warranted only if the face of the Complaint shows some insuperable bar to relief.  See, Denton v. Hernandez, supra at 32; Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. M.D. Reed, 104 F.3d 156 (8th Cir. 1997); McCullough v. Horton, 69 F.3d 918, 919 (8th Cir. 1995); Munz v. Parr, 758 F.2d 1254, 1258 (8th Cir. 1985).  Moreover, in performing this task, we are

---

[4](...continued)
by that fact alone, be frivolous.  Accordingly, if the Plaintiff's Complaint is frivolous then, perforce, it also fails to state an actionable claim.

mindful that <u>sua</u> <u>sponte</u> dismissals -- those at the instance of the Court -- are disfavored.  See, <u>Porter v. Fox</u>, 99 F.3d 271, 273 (8th Cir. 1996); <u>Freeman v. Abdullah</u>, 925 F.2d 266, 266 (8th Cir. 1995).

When reviewing a Complaint <u>sua</u> <u>sponte</u> under Section 1915(e)(2)(i), "the Court must assume the task of dissecting the Complaint, and of eliminating mere rhetoric and legal or factual conclusions, in order to rationally determine if there are any sound factual allegations that will constitute a claim upon which relief can be granted on a legally arguable basis." <u>Olson v. Minnesota</u>, 1995 WL 861007 at *1 (D. Minn., December 19, 1995), citing <u>White v. Bloom</u>, 621 F.2d 276 (8th Cir. 1980).  In a close case, the Trial Court should permit the claim to proceed at least to the point where responsive pleadings are required.  See, <u>Neitzke v. Williams</u>, supra at 323; <u>Williams v. White</u>, supra at 943.

B. <u>Legal Analysis</u>.  With these precepts in mind, we find the Plaintiff's Complaint to be frivolous, to fail to state an actionable claim, and to be defeated by two (2) different, long-standing, doctrines of immunity.  Specifically, the Plaintiff's claims against the Federal Judicial Defendants are barred by the doctrine of absolute judicial immunity, and his claims against the United States are barred by the doctrine of sovereign immunity.

1.    <u>The Claims Against the Federal Judicial Defendants</u>.  While a <u>pro se</u> pleading is to be liberally construed, it still must allege some historical facts which, if proven true, would entitle the plaintiff to legal recourse against the named defendants, based upon some established rule of law.  See, <u>Martin v. Aubuchon</u>, 623 F.2d 1282, 1286 (8th Cir. 1980)(although Federal Courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law").  Giving the Plaintiff's Complaint the benefit of an indulgent construction, it appears that he is attempting to sue the Defendants under the doctrine first espoused in <u>Bivens v. Six Unknown Fed. Narcotics Agents</u>, 403 U.S. 388 (1971).  "In Bivens * * *, the Supreme Court recognized in the Constitution and the general federal question jurisdictional statute, 28 U.S.C. §1331, an inherent cause of action for damages against federal actors for violations of federal constitutional rights."  <u>Duffy v. Wolle</u>, 123 F.3d 1026, 1033 (8th Cir. 1997), cert. denied, 523 U.S. 1137 (1998).

As the "Federal analog" to a Section 1983 claim, see, <u>Williams v. City of Carl Junction, Mo.</u>, 480 F.3d 871, 875 n. 2 (8th Cir. 2007), citing <u>Hartman v. Moore</u>, 547 U.S. 250, ---, 126 S.Ct. 1695, 1700 n. 2 (2006), in order to state a cause of action under <u>Bivens</u>, the Plaintiff  must allege facts which are sufficient to show that the

named defendants violated his constitutional rights while acting under color of Federal law.  See, <u>Hart v. City of Little Rock</u>, 432 F.3d 801, 804 (8th Cir. 2006), cert. denied, --- U.S. ---, 126 S. Ct. 2902 (2006)(Section 1983)(to state an actionable <u>Bivens</u> claim, a plaintiff must show "(1) [a] violation of a constitutional right, (2) committed by a [Federal] actor, (3) who acted with the requisite culpability and causation to violate the constitutional right."), quoting <u>Kuha v. City of Minnetonka</u>, 365 F.3d 590, 606 (8th Cir. 2003)(Section 1983), quoting, in turn, <u>Shrum v. Kluck</u>, 249 F.3d 773, 777 (8th Cir. 2001)(Section 1983).

Here, the Complaint fails to state a viable cause of action, under <u>Bivens</u>, because it does not allege any facts that would entitle the Plaintiff to a Judgment against any named Defendant, under any cognizable legal principle, doctrine or theory. Notably, with the exception of the Government, the named Defendants are Federal Judges who, by every appearance, are being sued for alleged acts, or omissions, that occurred while they were performing the functions of a Judge.[5]  Moreover, since the

---

[5]Any doubt on this point is resolved by the Plaintiff's citation, in his Complaint, to the Civil File numbers of the legal proceedings in which he maintains that the Federal Judicial Defendants wrongfully denied him relief for his claimed injuries.  No acts or omissions, outside of those referenced proceedings, are identified in the Plaintiff's Complaint.

Plaintiff has failed to identify whether the claims against the Judicial Defendants are individual capacity claims, or official capacity claims, we are obligated to construe the Plaintiff's claims against the Judicial Defendants as official capacity claims.   See, Johnson v. Outboard Marine Co., 172 F.3d 531, 535 (8th Cir. 1999)("[I]n order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity."), citing Artis v. Francis Howell North Band Booster Association, Inc., 161 F.3d 1178, 1182 (8th Cir. 1998); Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir. 1995).

"Judges are absolutely immune from suit for money damages when they act in their judicial capacity, unless their actions are 'taken in the complete absence of all jurisdiction.'"  Martin v. Hendren, 127 F.3d 720, 721 (8th Cir. 1997), quoting Duty v. City of Springdale, Ark., 42 F.3d 460, 462 (8th Cir. 1994); see also, Penn v. United States, 335 F.3d 786, 789 (8th Cir. 2003), cert. denied sub nom., Penn v. Bodin, 541 U.S. 987 (2004), citing Mireles v. Waco, 502 U.S. 9, 11 (1991); Stump v. Sparkman, 435 U.S. 349, 355-57 (1978); Liles v. Reagan, 804 F.2d 493, 495 (8th Cir. 1986).  The Plaintiff does not allege that the Judicial Defendants were entirely without jurisdiction, when they rendered their rulings that he here challenges, nor does he allege any act

outside of the Judicial Defendants' duties as Federal Judges.  As our Court of Appeals

has recognized:

> This absolute immunity from suit allows judges to fulfill
> their duties without concern for their own fortunes, which
> helps to ensure that their duties will be performed impartially
> and completely.  [Forrester v. White, 484 U.S. 219,] at 223-
> 24 [(1988)].  Judicial immunity does not derive from the
> persona of the judge, however, but rather from the judicial
> acts performed by the judge."

Duffy v. Wolle, supra at 1034.

Accordingly, since the Plaintiff seeks monetary damages from Judges owing only to

their rulings, which he regards as erroneous, the Plaintiff's claims against all of the

Defendant Judges are barred by the doctrine of absolute judicial immunity.[6]

　　　　　2.　　The Claims Against the Defendant United States.  "Sovereign

immunity protects the United States from being sued unless Congress has expressly

waived the government's immunity."  Kaffenberger v. United States, 314 F.3d 944,

950 (8th Cir. 2003), citing United States v. Shaw, 309 U.S. 495, 500-01 (1940); see

also, United States v. Kearns, 177 F.3d 706, 709 (8th Cir. 1999).  "A district court

lacks jurisdiction to hear a case against the United States unless its sovereign immunity

---

[6] Notably, the Plaintiff has not sued for prospective injunctive relief -- a type of claim that could potentially elude judicial immunity.  See, Mireles v. Waco, 502 U.S. 9, 10 n. 1 (1991).

has been waived, and the court's jurisdiction is limited by the scope of the waiver." Id., citing United States v. Kearns, supra at 709.  "[A] waiver of the government's sovereign immunity will be strictly construed, in terms of its scope, in favor of the sovereign."  Id., quoting Lane v. Pena, 508 U.S. 187, 192 (1996).  "Once consent has been expressly provided and its scope defined, however, the waiver of immunity is liberally construed within the parameters of the consent."  Id., citing United States v. Shaw, supra.

Here, the Plaintiff has not identified the jurisdictional basis for his claims against the United States, and having found that no action against the Federal Judicial Defendants is cognizable, the only remaining jurisdictional basis, for a suit against the United States, would lie in the Federal Tort Claims Act ("FTCA"), but the FTCA does not authorize a suit against the United States, or one of its agents, for an alleged constitutional tort.  See, Title 28 U.S.C. §2680(h); F.D.I.C. v. Meyer, 510 U.S. 471, 477 (1994); Washington v. Drug Enforcement Administration, 183 F.3d 868, 874 (8th Cir. 1999).

Thus, the Plaintiff's claims against the Defendant United States, and the Federal Judicial Defendants, are barred by judicial and sovereign immunity, and we recommend that his Complaint be dismissed, in its entirety, under Title 28 U.S.C.

§1915(e)(2)(B)(i), (ii), and (iii), and that his Application to proceed IFP be denied as moot.[7]

NOW, THEREFORE, It is –

RECOMMENDED:

1.      That the Plaintiff's Application to Proceed In Forma Pauperis [Docket No. 2] be denied, as moot.

2.      That this action be summarily dismissed pursuant to Title 28 U.S.C. §§1915(e)(2)(B)(i), (ii) and (iii).

Dated:  June 1, 2007            s/Raymond L. Erickson
                                Raymond L. Erickson
                                CHIEF U.S. MAGISTRATE JUDGE

_____

[7]On May 25, 2007, the Plaintiff filed a letter with the Clerk of Court requesting that the ECF listing for this matter be changed to reflect his request for a Jury Trial. See, Letter, Docket No. 5.  Since we recommend that this action be dismissed in its entirety, the Plaintiff's request for a Jury Trial should also be denied as moot.  In any event, his Complaint does not include a Jury Trial demand, which also renders the Motion moot.

**N O T I C E**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.2, any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than June 18, 2007**, a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than June 18, 2007**, unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.